UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mohamed Faisal Abdi,<br>*a.k.a. Abraham Moses*,<br><br>　　　　　Defendant. | Case No. 23-cr-295 (ECT/DJF)<br><br>**REPORT AND RECOMMENDATION<br>AND ORDER** |

This matter is before the Court on the Government's Motion for Discovery (ECF No. 13), Defendant Mohamed Faisal Abdi's Motion to Sever Offenses ("Motion to Sever") (ECF No. 19), and Defendant's Motion to Dismiss for Selective or Vindictive Prosecution ("Motion to Dismiss") (ECF No. 20). On January 23, 2024, the parties notified the Court that they did not intend to offer testimony from witnesses or introduce other evidence with respect to these motions, and the Court canceled the hearing and took the motions under advisement based on the parties' written submissions (*see* ECF Nos. 19, 20, 25, 26). For the reasons given below, the Court grants the Government's Motion for Discovery, denies Mr. Abdi's Motion to Sever, and recommends denying Mr. Abdi's Motion to Dismiss.

**I.　　Motion for Discovery**

The Government's Motion for Discovery (ECF No. 13) is **GRANTED** insofar as Mr. Abdi shall provide discovery to the extent required by Rules 16(b), 12.1, 12.2, 12.3 and 26.2 of the Federal Rules of Civil Procedure, and all other applicable statutes and rules. With respect to expert discovery pursuant to Rule 16(b)(1)(C), the following deadlines shall apply:

1

  a. Initial expert disclosures: 28 days prior to trial.

  b. Rebuttal expert disclosures: 14 days prior to trial.

**II. Motion to Sever**

Mr. Abdi argues Counts 1-3 of the Indictment, which address statements Defendant made during the same meeting on January 7, 2019, should be severed from Counts 4 and 5, which stem from separate incidents, because they are not properly joined under Federal Rule of Criminal Procedure 8(a). (ECF No. 19 at 1-3.) He further argues that, even if all Counts are properly joined, Counts 4 and 5 must be severed under Rule 14(a) because allowing the evidence underlying Counts 4 and 5 to be heard at a trial on Counts 1-3, and vice versa, would greatly prejudice him and violate Federal Rule of Evidence 404(b). (*Id.*) The Government argues Counts 1-3 are properly joined with Counts 4 and 5 under Rule 8(a) because they all are of the same or a similar character. (ECF No. 25 at 4-6.) The Government further argues severance under Rule 14(a) is unwarranted, because the evidence supporting Counts 4 and 5 would be admissible at a trial on Counts 1-3 under Rule 404(b) and vice versa, and because he will not be tried with a codefendant. (*Id.* at 6–8.)

  **A.** **Background**

The Government indicted Mr. Abdi on September 21, 2023 on three counts of false statements of citizenship in violation of 18 U.S.C. § 1015(e), one count of false representation of citizenship in violation of 18 U.S.C. § 911, and one count of false statements in violation of 18 U.S.C. § 1001(a)(2). (ECF No. 1.) Each count stems from a false representation Mr. Abdi allegedly made to secure a position as a law enforcement officer.

Counts 1, 2 and 3 address false statements Mr. Abdi allegedly made during a January 7, 2019 hiring interview related to his application to become an FBI special agent. (*Id.* at 1-3; *see also* ECF No. 25 at 2.) Counts 1 and 3 allege Mr. Abdi falsely claimed to be a United States citizen. (ECF No. 1 at 1-2.) Count 2 alleges he falsely claimed to have entered the United States

on a student visa to attend the University of Minnesota in 2006 and became a United States citizen in 2011. (*Id.*) Count 4 refers to Mr. Abdi's online application to become an FBI special agent. It alleges that, between November 1 and December 14, 2018, Mr. Abdi falsely claimed to be a citizen of the United States as part of that online submission. (ECF No. 1 at 2; ECF No. 25 at 1.) Count 5 alleges that several months earlier, on September 24, 2018, Mr. Abdi falsely claimed to be United States citizen to obtain a position as a police officer with the Rochester Police Department. (ECF No. 1 at 3.)

According to the Government, the FBI began a background investigation of Mr. Abdi in connection with his application to become an FBI special agent. (ECF No. 25 at 2.) In the course of that investigation, they discovered he was not a United States citizen, did not attend the University of Minnesota, and had been living in Minnesota since long before 2006. (*Id.* at 3.) They also discovered he had applied for a position with the Rochester Police Department and falsely claimed to be a United States citizen in connection with that application. (*Id.*)

### B. Analysis

#### 1. Joinder Under Rule 8(a)

Rule 8(a) permits joinder of charges "if the offenses charged … are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "The propriety of joinder is … determined from the face of the indictment." *United States v. Reichel*, 911 F.3d 910, 915 (8th Cir. 2018) (alteration in original) (citation omitted); *United States v. Mink*, 9 F.4th 590, 603 (8th Cir. 2021) (analyzing the propriety of joinder by exclusively looking to the indictment); *see also* 1A Charles Alan Wright et al., Federal Prac. & Proc. § 143 (4th ed.) ("As with joinder of defendants, the propriety of joining offenses in a single instrument is typically determined by examining the

allegations in the indictment."). "However, '[t]he government is not required to put on a full court press on the evidence' for the counts to be properly joined at the outset." *Mink*, 9 F.4th at 603 (quoting *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010)). "The joinder of all offenses against a defendant is a favored practice." *United States v. Humphreys*, 982 F.2d 254, 259 (8th Cir. 1992). Thus, Rule 8(a) is "to be liberally construed in favor of joinder." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005).

"The joinder of offenses pursuant to Rule 8(a) is allowed in three situations: (1) when the offenses are of the same or similar character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." *United States v. Rodgers*, 732 F.2d 819, 820 (8th Cir. 1979); *see also, e.g., United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011) (denying severance based on the "same or similar character" standard). "In applying the 'same or similar character' standard, … joinder of offenses … [is] proper when the two counts refer to the same type of offense occurring over a relatively short period of time, and the evidence as to each count overlaps." *Garrett*, 648 F.3d at 625 (citation and quotation omitted). The elements of the crimes charged do not need to be the same. Rather, similar character means "[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness." *United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir. 2001) (quoting *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir.1986) (per curiam).) In applying the 'common plan or scheme' standard, courts look to whether the "offenses were all connected to a common scheme [or plan]." *Reichel*, 911 F.3d at 915; *see also United States v. Jawara*, 474 F.3d 565, 574 (9th Cir. 2007) (explaining that 'common scheme or plan' is a "self-defining" standard).

4

The 'same or similar character' standard is plainly met here. The allegations underlying the five counts of the Indictment all refer to instances in which Mr. Abdi purportedly lied about his citizenship status to gain employment with a law enforcement agency (*see* ECF No. 1). The conduct supporting these charges thus reflects behavior that is not only "similar", but nearly identical character. That Mr. Abdi allegedly made some statements orally and others in writing is of little consequence. Moreover, all the alleged offenses occurred within four months of each other (*see id.*); *Garrett*, 658 F.3d at 625 (finding fifteen months a sufficiently short period of time for joinder under the similar character test). Furthermore, as discussed in greater detail below, Counts 1-3 involve evidence that overlaps with Counts 4 and 5. The Court finds the counts were properly joined.

## 2. Severance Under Rule 14

Under Rule 14, even if counts are properly joined under Rule 8(a), courts may order separate trials if "the joinder of offenses or defendants in an indictment … appears to prejudice a defendant[.]" Fed. R. Crim. P. 14(a).[1] "No prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." *Mink*, 9 F.4th at 604 (quotation and citation omitted). "Finally, there is a strong presumption against severing properly joined counts." *Id.* (quotation and citation omitted).

---

[1] The Government urges the Court to apply a "severe or compelling" prejudice standard under Rule 14 (ECF No. 25 at 6) (quoting *United States v. Kirk*, 528 F.3d 1102, 1107 (8th Cir. 2008)). Though the Eighth Circuit has suggested in the past that Rule 14(a) requires severe prejudice, *see Kirk*, 528 at 1107, it indicated more recently that the "severe prejudice" standard is a function of its abuse of discretion review. *See Reichel*, 911 F.3d at 915 ("We review denial of severance under Rule 14 for an abuse of discretion and will only *reverse* upon a showing of severe prejudice[.]") (emphasis added) (citation omitted); *see also United States v. Nunn*, 22-cr-303 (ECT/DJF), 2023 WL 3244828, at *4 n.1 (D. Minn. May 4, 2023), *report and recommendation adopted*, 2023 WL 4348708 (D. Minn. July 5, 2023). For purposes of this motion, the Court assumes without deciding that Mr. Abdi only needs to show prejudice.

Based on the limited record available at this point—and without reaching any conclusions on admissibility issues to be resolved by the district judge—the Court finds evidence regarding Counts 4-5 likely would be admissible in a trial on Counts 1-3, and vice versa. *See United States v. Jama*, 21-cr-31 (ADM/KMM), 2021 WL 4520995, at *3 (D. Minn. Oct. 4, 2021). All of Mr. Abdi's alleged crimes center on alleged misrepresentations about his citizenship status in attempts to become a law enforcement officer, and any instances involving similar misrepresentations are likely admissible to show absence of mistake, lack of accident, knowledge, or intent at a trial. *See* Fed. R. Civ. P. 404(b)(2); *see also, e.g.*, *United States v. Malakhov*, 2023 WL 7297218, at *4 (W.D.N.Y. Nov. 6, 2023) (finding that a subsequent misrepresentation had "a tendency to show Defendant's knowledge, and lack of mistake concerning, his prior fraudulent misrepresentations"). Moreover, the online FBI application underlying Count 4 actually prompted the interview underlying Counts 1-3, and the Government asserts it discovered the misrepresentation at issue in Count 5 as part of its routine background investigation in response to that same application. Because the admissible evidence among these Counts likely overlaps, Mr. Abdi is not prejudiced by joinder. The Court denies the Motion to Sever for these reasons.[2]

---

[2] There is a split among judges in this district as to whether a motion for severance should be considered "dispositive" and addressed by a magistrate judge in a report and recommendation to the district judge; or non-dispositive and resolved by a magistrate judge's order. *Jama*, 2021 WL 4520995, at *3 (collecting cases). Because motions to severe are not among the motions specifically exempted from magistrate judge determination under 28 U.S.C. § 636(b)(1)(A), the Court addresses the Motion to Sever in an order. The Court recognizes, however, that the district judge will be in the best position to assess whether evidence regarding any one of the offenses charged would be admissible in a separate trial of the others under Rule 404(b). If Mr. Abdi raises an objection, he is free to argue that a *de novo* standard of review should apply to this decision, and the undersigned does not seek to tie the hands of the district judge in determining what standard of review should apply.

### III.  Motion to Dismiss

Mr. Abdi seeks to dismiss the Indictment on grounds that the Government is selectively or vindictively prosecuting him based on his "status as an immigrant from East Africa currently in removal proceedings." (ECF No. 20 at 2.) He argues that "an unknown number of similarly situated individuals have not been prosecuted for lying on applications for employment." (*Id.* at 2-3.) He also requests an evidentiary hearing and discovery from the Government addressing the number of investigations and potential prosecutions for false statements of citizenship within this jurisdiction occurring in the past ten years, along with the race, ethnicity, religion, and "free speech considerations" of every target for investigation or prosecution. (*Id.* at 2.) Mr. Abdi additionally requests any correspondence or communications about himself between the United States Attorney's Office and any other executive branch agency prior to his Indictment. (*Id.*) The Government argues the Court should deny the Motion to Dismiss because Mr. Abdi's claims are merely conjecture and he proffers no evidence to support his contentions. (ECF No. 25 at 8-17.)

### A.  Selective Prosecution

To establish a prima facie case for selective prosecution, a defendant bears the burden of showing that "1) he has been singled out for prosecution while others similarly situated have not been prosecuted for similar conduct and 2) that the government's action in thus singling him out was based on an impermissible motive such as race, religion, or the exercise of constitutional rights." *United States v. White*, 928 F.3d 734, 742–43 (8th Cir. 2019) (quotation and citation omitted). This "standard is a demanding one." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). To obtain a hearing or discovery on a selective prosecution claim, a plaintiff "must present some evidence that tends to show the existence of both elements". *United States v. Peterson*, 652 F.3d 979, 982 (8th Cir. 2011) (quoting *United States v. Perry*, 152 F.3d 900, 903 (8th Cir. 1998)).

"The justification for a rigorous standard for the elements of a selective prosecution claim thus require a correspondingly rigorous standard for discovery in aid of such claim." *Armstrong*, 517 U.S. at 468.

Mr. Abdi's claim that "an unknown number of other similarly situated individuals have not been prosecuted for lying on applications for employment" (ECF No. 20 at 2-3) amounts to pure conjecture. As a threshold matter, the Court observes that Mr. Abdi's claim appears to rest on a faulty premise: that lying about citizenship on an application for a job *with the FBI* is equivalent to lying on other "applications for employment." The United States Supreme Court has long upheld citizenship restrictions in law enforcement employment as constitutional. *See Cabell v. Chavez-Salido*, 454 U.S. 432, 447 (1982) (reasoning that "a citizenship requirement may seem an appropriate limitation on those who would exercise and, therefore, symbolize [the] power of the political community over those who fall within its jurisdiction"). The suggestion that Mr. Abdi is similarly situated with individuals who make misrepresentations in connection with other types of employment therefore lacks merit.

Furthermore, since Mr. Abdi makes a mere conclusory assertion that he is being discriminated against due to his status as an East African immigrant in removal proceedings, his allegations are insufficient to support this claim. *See United States v. Hirsch,* 360 F.3d 860, 864 (8th Cir. 2004). And because he proffers no evidence whatsoever to support this claim, he does not adequately support even a request for discovery. *See Peterson*, 652 F.3d at 982 (quoting *Perry*, 152 F.2d at 903). The Court recommends rejecting his requests for discovery and an evidentiary hearing on these grounds.

8

B.     **Vindictive Prosecution**

To establish a claim of vindictive prosecution, "the defendant must show 'through objective evidence' that the prosecution was brought to punish the defendant for the exercise of a legal right." *United States v. Lazzaro*, 21-cv-0173 (PJS/DTS), 2022 WL 17417970, at *5 (D. Minn. Oct. 12, 2022) (quoting *United States v. Beede*, 974 F.2d 948, 951 (8th Cir. 1992)), *report and recommendation adopted*, 2022 WL 16948157 (D. Minn. Nov. 15, 2022), *reconsideration denied*, 2022 WL 17960700 (D. Minn. Dec. 27, 2022). "Courts look at 'the prosecutor's actions within the context of the entire proceeding.'" *Id.* (quoting *United States v. Chappell*, 779 F.3d 872, 880 (8th Cir. 2005)). "A finding of vindictiveness is based on evidence of the prosecutor's motives." *Id.* (quoting *Chappell*, 779 F.3d at 878–79). The defendant's evidentiary burden is a heavy one. *Chappell*, 779 F.3d at 879. To obtain discovery or an evidentiary hearing on this issue, a defendant cannot rest on vague or conclusory allegations, but must "allege specific facts sufficient to raise a significant doubt that the government's decision to prosecute was vindictive." *See United States v. Kelley*, 152 F.3d 881, 886 (8th Cir. 1998).

Mr. Abdi fails even to articulate how he believes the prosecutor is vindictively motivated, much less support any such claim with citations to specific facts. He makes only the conclusory assertion that he is being "vindictively prosecuted for his status as an immigrant from East Africa currently in removal proceedings …. while an unknown number of other similarly situated individuals have not been prosecuted for lying on applications for employment." (ECF No. 20 at 2–3.) As he proffers no evidence at all that his prosecution is a means of punishing him for exercising a legal right, this claim and his request for a hearing and discovery on this issue should be denied.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. The Government's Motion for Discovery (ECF No. [13]) is **GRANTED**; and

2. Mr. Abdi's Motion to Sever Offenses (ECF No. [19]) is **DENIED**.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Mr. Abdi's Motion to Dismiss for Selective or Vindictive Prosecution (ECF No. [20]) be **DENIED**.

Dated: January 29, 2024         *s/ Dulce J. Foster*
                                Dulce J. Foster
                                United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).